UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE LETROY BERRY,

                  Plaintiff,

                                                Civil Action No. 17-11154
      v.                                  Honorable Sean F. Cox
                                                  Magistrate Judge David R. Grand

MIDLAND COUNTY JAIL,
SCOTT STEPHENSON, and
"UNKNOWN NURSE,"

                  Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS, <br> *SUA SPONTE,* PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)

**I.      RECOMMENDATION**

This case has been referred to the undersigned for all pretrial proceedings, including

hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for

any reports and recommendations on dispositive matters that may be necessary pursuant to 28

U.S.C. § 636(b)(1)(B).  (Doc. #9).

Plaintiff Duane Letroy Berry ("Berry"), who is presently incarcerated at the Midland

County Jail, has been granted leave to proceed *in forma pauperis* in this matter.  (Doc. #9).

Berry names three Defendants in his complaint:  Midland County Jail ("Midland County Jail," or

the "Jail"); Scott Stephenson ("Stephenson"); and "Unknown Nurse."  (Doc. #1).  The Court

now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e), **IT IS**

**RECOMMENDED** that Berry's complaint be dismissed *sua sponte*.

## II.   REPORT

### A.   Background

Berry alleges that he is a civil detainee pursuant to 18 U.S.C. § 4241-44, and that he is being held at the Midland County Jail.[1]   Shortly after arriving at the Jail, an issue arose with respect to Berry's request for medication to treat a skin condition.  He alleges that he arrived at the Jail on March 24, 2017, with "medication known as Triamini-Cinolone," which he uses to treat that condition.  (Doc. #1 at ¶ 2).  Two days later, he saw "medical for the issuance of his medication as he had not received it yet and was beginning to have serious outbreaks." (*Id.* at ¶ 3).   He alleges that "medical staff" gave him "special" clothing, but did not issue him medication.  (*Id.* at ¶ 4).  Over the next few days, Berry filed numerous internal complaints and saw "medical" at least three times.  (*Id.* at ¶¶ 5-6).

One of the "medical" personnel he saw was the Defendant "Unknown Nurse."   Berry alleges that this "20 something year old young woman [] demanded that [he] show her the skin rash." (*Id.* at ¶ 7).  Berry refused, and "requested a male doctor, not a nurse." (*Id.* at ¶ 8).  Berry claims he had this right because the nurse "wanted him to get naked."  (*Id.*).  Even though the nurse offered to (and did) call in a male officer to observe her while she provided treatment to Berry, Berry still refused to permit the nurse to treat him.  (*Id.* at ¶¶ 9-10).

Berry then filed this action pursuant to 28 U.S.C. § 1983, essentially alleging a denial of medical care, as well as other claims related to his insistence on being treated by a male doctor, such as sexual harassment and retaliation.

---

[1] On November 19, 2015, Berry was indicted in a criminal case in this Court.  *See United States v. Berry*, No. 2:15-cr-20743, Doc. #12 (E.D. Mich. Nov. 19, 2015).  The case was assigned to the Honorable David M. Lawson.  Judge Lawson found Berry incompetent to stand trial and ordered that Berry be civilly committed.  *See, id.*, Doc. #45.  Berry was at one time a civil detainee at the Butner Federal Medical Center in Butner, North Carolina, *see Berry v. Daly*, No. 2:16-cv-14495, ECF #6 at 2), but at all times relevant to the instant matter was held at the Midland County Jail.

**B.**    **Discussion**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2] The Court is required to construe Berry's *pro se* filing liberally and hold it to a less stringent standard than one drafted by an attorney. *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, the Court concludes that Berry's complaint fails to state a claim upon which relief may be granted against the Defendants. Accordingly, his complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### i.    *Defendant Stephenson*

To demonstrate liability under Section 1983, a plaintiff must first establish that each named defendant acted under color of state law and that his or her actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137 (1989). The plaintiff also must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability cannot

---

[2] To the extent Berry asserts that this provision of the PLRA does not apply to him because he "in NOT an inmate 'prisoner' as defined by (PLRA) 28 U.S.C. 1915 but is a 'civil detainee,'" (Doc. #1 at 1), he is mistaken. Although a "civil detainee" is not a "prisoner" within the meaning of the PLRA, *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005), a complaint filed by any person proceeding *in forma pauperis* is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

be premised upon mere allegations of *respondeat superior*; rather, in order for a party to be held liable under Section 1983, there must be a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421. A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger § 1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). In other words, liability under § 1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Berry's complaint contains only one allegation that even mentions Defendant Stephenson: "Plaintiff arrived in the custody of Defendant Sheriff Scott Stephenson at the Midland County Jail on March 24, 2017 . . . ." (Doc. #1 at ¶ 1). Under the above case law, this allegation, which amounts to nothing more than identifying Defendant Stephenson as having supervisory authority over the Midland County Jail, fails to state a claim for relief. Accordingly, Berry's claims against Defendant Stephenson should be dismissed.

### ii. *Defendant Midland County Jail*

Defendant Midland County Jail should also be dismissed from this action because it is not a proper defendant. *See, e.g.*, *Lee v. St. Clair Co. Drug Task Force*, No. 16-CV-14364, 2017 WL 2501063, at *2 (E.D. Mich. June 9, 2017) (holding that county jails "are not entities subject to suit under § 1983"); *Edward v. Jail*, Case No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Jones v. Lee*, No. 2:09-CV-11283, 2012 WL 683362, at *2-3 (E.D. Mich. Mar. 2, 2012), *report and*

*recommendation adopted*, No. 09-11283, 2012 WL 1048541 (E.D. Mich. Mar. 28, 2012) ("It is well established that '[a] county jail is not a suable entity within the meaning of 42 U.S.C. § 1983.'") (quoting *Gross v. Evans*, No. 06–CV–13065, 2006 WL 2419195, at *2 (E.D. Mich. Aug. 22, 2006)).

Moreover, even if the Court were to construe Berry's claims against the Midland County Jail as having been made against Midland County itself, the outcome would be the same. The law is clear that a municipality may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60-62 (2011); *Monell*, 436 U.S. at 694. In other words, Midland County cannot be held liable to Berry simply because it employed a person who allegedly violated his rights. Rather, a municipality is liable only when its official policy or custom directly causes the plaintiff's injury. *Id.* Accordingly, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). *See also Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (noting that under *Monell*, a plaintiff asserting a § 1983 claim "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom"). To state a § 1983 "*Monell*" claim, the plaintiff must show: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *See Burgess*, 735 F.3d at 478.

Here, dismissal of Midland County is appropriate because Berry's complaint fails to identify any policy by the County that allegedly injured him.

### iii. Defendant "Unknown Nurse"

Berry's claims against Defendant "Unknown Nurse" (the "Nurse") should also be dismissed. Reading Berry's complaint liberally, he asserts a claim for deliberate indifference to his serious medical needs by the Unknown Nurse, and also challenges, as "sexual harassment" and "retaliation," the fact that the female Nurse refused to allow him see a male doctor. None of these claims states a constitutional violation.

Because Berry is a civil detainee, his claims related to the alleged denial of medical care fall under the Fourteenth Amendment rather than the Eighth Amendment, but the standard to show deliberate indifference is the same. *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013). The Sixth Circuit has succinctly explained the standards that a plaintiff must satisfy to state a claim of deliberate indifference based on the denial of medical care:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

*Broyles v. Corr. Medical Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (internal citations omitted).

Here, Berry's own allegations show that far from acting with "deliberate indifference" to his medical needs, the Defendant Nurse was actively trying to determine Berry's medical needs and provide him with medical care. Berry admits that the Nurse met with him to attempt to inspect and treat his skin condition. Berry also acknowledges that in response to his being

6

"uncomfortable" disrobing in front of the female Nurse, she offered to (and did) bring a male officer to observe their interaction.[3]  In light of these allegations by Berry, he cannot satisfy the subjective component of a deliberate indifference claim against the Nurse.[4]

Nor do Berry's allegations that the Nurse refused his request to be treated by a male doctor (as opposed to a female nurse) state a claim for relief.  Berry's case is on all fours with *Lyle v. Montgomery County Jail*, No. 3:15-cv-01065, 2015 WL 6108069 (M.D. Tenn. Oct. 14, 2015).  In *Lyle*, the plaintiff inmate challenged the defendant jail's policy that allowed "female nurses and doctors [to] examine male inmates and male nurses and doctors [to] examine female inmates."  *Id.* at *1.  The district court dismissed that claim *sua sponte* under 28 U.S.C. § 1915(e):

> The complaint fails to state a claim against Correct Care Solutions based on its policy of allowing female medical practitioners to examine and treat male inmates.  Under the Eighth Amendment, prisoners do not have the right to choose a specific form of treatment or a specific medical practitioner, so long as the treatment provided is reasonable and the medical practitioner is adequately qualified.  Medical care does not constitute a search that falls within the purview of the Fourth Amendment.  And, as a matter of common sense and common practice in this country, even outside the prison setting, medical practitioners of both genders treat patients without regard to gender, such that a male prisoner's receipt of treatment from a female nurse, nurse practitioner, or doctor would not implicate the prisoner's Fourteenth Amendment right to privacy.

---

[3]  Moreover, Berry states that he showed the Nurse the skin rash on his hands and she recommended that he buy hydrocortisone from the Commissary.  (Doc. #1 at ¶¶ 14-15).  Although according to Berry, hydrocortisone "does not work for his condition," (*Id.* at ¶ 15), the Nurse again took active steps to treat his condition based on the situation before her and despite Berry's refusal to be treated by her.  Thus, the Nurse did not act with deliberate indifference to Berry's medical needs.  The Court also notes Berry's admission that he saw other medical professionals at the Jail for his skin condition prior to the incident in question with the Nurse.  (*Id.* at ¶ 6).

[4]  In his complaint, Berry also asserts a claim for "medical malpractice."  However, as noted above, "allegations of medical malpractice . . . fail to state an Eighth Amendment claim of cruel and unusual punishment."  *Broyles*, 478 F. App'x at 975.

*Id.* at *3.

Here, too, where Berry admits that the Nurse attempted to provide him treatment, but that he refused because she was not a "male doctor," (Doc. #1 at ¶ 8; *id.* at ¶ 10), his related claims fail as a matter of law and should be dismissed. *Id.*

## C. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Berry's complaint **(Doc. #1)** be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).


Dated: September 6, 2017                    s/David R. Grand
Ann Arbor, Michigan                    DAVID R. GRAND
                                        United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be

concise, and should address specifically, and in the same order raised, each issue presented in the

objections.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2017.

s/Eddrey O. Butts       <br>EDDREY O. BUTTS